No. 4173.

(Court of Appeal, Parish of Orleans.)

AUGUSTINE A. MIRE vs. Y. & M. VALLEY R. R. CO.

1.  It is not necessary in this State that a party should move for a new trial as a condition precedent to the taking of an appeal in a jury case.

2.  While weight attaches to the findings of a jury, the responsibility is imposed upon this Court by the consitutional grant of appellate jurisdiction on questions of fact, to set aside such findings, when they are manifestly erroneous.

3.  The preponderance of evidence rebuts the statutory presumption of negligence on the part of the defendant.

Appeal from 28th Judicial District Court, Parish of St. John the Baptist.

J. V. Chenet, for Plaintiff and Appellee.

Gus Lemle & J. Q. Gowland, for Defendant and Appellant.

DUFOUR, J. The defendant has appealed from a judgment based on a verdict against it, for the value of a horse alleged to have been struck and injured by one of its trains, in the Parish of St. John the Baptist, through the negligence of defendant's employes.

The only witness presented by defendant was the engineer in charge of the rain at the time of the accident.

According to his version, the train was running north at about 6:30 p. m. and just before reaching the public road of the Woodland Plantation, he saw a horse running up the road, and there were several colored men sitting on the fence right at the intersection of the railroad track with the public road, and they tried to head the horse off and turn it back. Instead of that, they caused him to run down the track towards the train, and as soon as he saw the horse on the track, he applied the emergency air brake and made every effort to stop, but could accomplish no more than to reduce the speed of the train to two or three miles an hour. He blew his whistle, and,

when the horse was struck, he was "just wheeling around to turn off the track," after having walked directly towards the engine. The engineer is earnest and positive that he exerted every possible effort to avoid the accident.

The engineer's testimony is, in its essential features, corroborated by Harrison, the employe of and a witness for plaintiff, who left the gate open and was the unintentional cause of the horse's escape from the yard. According to his statement, the horse went on the track towards the train, the whistle was blown and "the train slowed up not to hurt the horse," though it could not stop and the horse "wheeled around" and was struck in the leg.

Another witness for plaintiff says, on direct examination, that "the horse was on the track, and the car came along and whistled right smart and *stopped,* and the horse ran right in front of the car." He adds that the train started again and ran the horse down; he says, however, that on several occassions he lost sight of the horse and train, while reading a paper on his gallery about five hundred feet from the scene of the accident. The witness further says that he was not unfriendly to the railroad, that he had had claims against it, and that he got paid the value of mules of his that were killed, "in some cases, because I (he) had to tell a lie."

Another witness also testified that the train stopped and started again but, on cross-examination he admits that the horse was on the track and "the engine was behind him a good distance, blowing, and, when the horse got to the cattle gap he stopped and turned back and kept coming back, and met the engine, the locomotive."

The probabilities of the case are all against the theory of the last two witnesses; it is not likely that an engineer who has taken according to all the witnesses, the precautions described, should, after stopping the train, have wantonly started and run the horse down, and thus taken the chance of a possible derailment with its resulting danger to himself. It is more likely that he failed to stop and succeeded only in slowing up, as stated by the first two witnesses.

The contention that defendant's failure to ask for a new trial must be contsrued against it, though perhaps warranted by early

257

jurisprudence, is not sound to-day.   33 An. 723.

While not forgetful that some weight should be given to the finding of fact of a jury or judge, we are mindful that, were that presumption of correctness conclusive, the right of appeal would not have been granted by the Constitution.

Our appreciation of the evidence has led us to the conclusion that the defendant has successfully rebutted the presumption of negligence established by the statute, and that the verdict against it is not warranted by the evidence.

The verdict of the jury is set aside, the judgment upon it is reversed, and plaintiff's demand is rejected at his costs in both Courts.

April 8, 1907.

Rehearing refused May 20, 1907.

Writ refused by Supreme Court June 25, 1907.